UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIMARK SOK, | 1:11-cv-00284-JLT HC |
| Petitioner, | ORDER DENYING PETITIONER'S MOTIONS FOR DISCOVERY |
| v. | (Docs. 3 & 4) |
| SUBSTANCE ABUSE TREATMENT FACILITY, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The original petition, filed on February 17, 2011, challenges Petitioner's 2008 conviction in the Superior Court of Kings County for battery on an inmate with no serious bodily injury. (Doc. 1, p. 1). Petitioner raises three grounds for relief: (1) ineffective assistance of counsel at trial; (2) prison officials failed to follow their own regulations and laws in "wrongfully and unjustly" referring Petitioner's case for prosecution; and, (3) referral of Petitioner's disciplinary case for prosecution violated federal due process and equal protection rights. (Doc. 1, pp. 5-13).

**DISCUSSION**

Along with the original petition filed on February 17, 2011, Petitioner has filed two discovery motions related to his petition. (Docs. 3 & 4). The first seeks evidence "to show prejudice towards

this appellant and critical to this appellant's claims, such as how many similar situations where (2) combatant involved in a mutual combat were referred for criminal prosecution." (Doc. 3, p. 1). Petitioner alleges he is "trying to establish a link as to why my incident was referred for criminal prosecution," i.e., why Petitioner was "singled out." (Id.). The second discovery motion apparently seeks discovery of the personnel files of prison correctional officers Lt. A. Diaz and Sgt. M.P. Lopez in order to "show their history and characteristics in dealing with incidents to establish a link of the possibility that these stories were made up by the reporting employees to get a conviction." (Doc. 4). This second motion is captioned as a "Pitchess" motion.[1] For the reasons discussed below, the Court denies both motions.

The writ of habeas corpus is not a proceeding in the original criminal prosecution but an independent civil suit." Riddle v. Dyche, 262 U.S. 333, 335-336, 43 S.Ct. 555, 555 (1923); *See, e.g.* Keeney v. Tamayo-Reyes, 504 U.S. 1, 14, 112 S.Ct. 1715, 1722 (1992) (O'Connor, J., dissenting). A habeas proceeding does not proceed to "trial" and unlike other civil litigation, a habeas corpus petitioner is not entitled to broad discovery. Bracy v. Gramley, 520 U.S. 899, 117 S.Ct. 1793, 1796-97 (1997); Harris v. Nelson, 394 U.S. 286, 295, 89 S.Ct. 1082, 1088-89 (1969). Instead, modern habeas corpus procedure has the same function as an ordinary appeal. Anderson v. Butler, 886 F.2d 111, 113 (5th Cir. 1989); O'Neal v. McAnnich, 513 U.S. 440, 442, 115 S.Ct. 992 (1995) (federal court's function in habeas corpus proceedings is to "review errors in state criminal trials" (emphasis omitted)). Indeed, the United States Supreme Court recently reaffirmed that, under the statute controlling federal habeas review, "evidence introduced in federal court has *no bearing* on § 2254(d)(1) review. If a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitations of § 2254(d)(1) on the record that was before that state

---

[1] In Pitchess v. Superior Court, 11 Cal.3d 531 (1974), the California Supreme Court held that a criminal defendant's fundamental right to a fair trial and an intelligent defense entitled defendant, who asserted self-defense to a charge of battery on a police officer, to discovery of police personnel records. Pitchess, 11 Cal. 3d at 535-537. Four years later, the California Legislature enacted Cal. Evid. Code §§ 1043 and 1045 to place specific limitations and procedural safeguards on the disclosure of peace officer personnel files. As noted by the California Supreme Court, "[t]he legislation was intended to balance the need of criminal defendants to relevant information and the legitimate concerns for confidentiality of police personnel records." People v. Breaux, 1 Cal.4th 281, 311-312 (1991). Now, pursuant to Cal. Evid. Code § 1043, a criminal defendant in California has access to records of complaints, or investigations of complaints, or discipline imposed as a result of such investigations, "provided that such information is relevant to the subject matter involved in the pending litigation." Cal. Evid. Code § 1045(a).

2

1  court." Cullen v. Pinholster, ___ U.S. ___, 131 S.Ct. 1388, 1400 (2011)(emphasis supplied); see 28
2  U.S.C. § 2254(d)(1)(setting forth the applicable standard for federal habeas review as whether the
3  state court adjudication was "contrary to" or an "unreasonable application" of "clearly established
4  federal law").

5  As such, a habeas petitioner does not have the right to inquire into all matters that may be
6  relevant to the subject matter involved in the pending action, whether admissible at trial or not.
7  Harris, 394 U.S. at 297. "Such a broad-ranging preliminary inquiry is neither necessary nor
8  appropriate in the context of a habeas corpus proceeding." Id. Elaborate discovery procedures
9  would cause substantial delay to prisoners and place a heavy burden upon courts, prison officials,
10 prosecutors, and police. Id. Although discovery is available pursuant to Rule 6, it is *only* granted at
11 the Court's discretion, *and upon a showing of good cause*. Bracy, 117 S.Ct. 1793, 1797; McDaniel
12 v. United States Dist. Court (Jones), 127 F.3d 886, 888 (9th Cir. 1997); Jones v. Wood, 114 F.3d
13 1002, 1009 (9th Cir. 1997); Rule 6(a) of the Rules Governing Section 2254. The Advisory
14 Committee Notes to Rule 6 of the Rules Governing Section 2254 Cases emphasize that Rule 6 was
15 not intended to extend to habeas corpus petitioners, as a matter of right, the Federal Rules of Civil
16 Procedure's broad discovery provisions. Rule 6, Advisory Committee Notes (quoting Harris, 394
17 U.S. at295, 89 S.Ct. at 1089).

18 Applying these principles to Petitioner's two discovery motions, it is clear that these motions
19 must be denied. The discovery sought by Petitioner in his two motions, i.e., personnel records for
20 two prison employees who made statements about Petitioner in his disciplinary proceedings, and
21 other, unspecified, evidence that would show that Respondent's employees were prejudiced against
22 Petitioner and singled out Petitioner by referring his case for prosecution, is not discovery that is
23 appropriate in these federal habeas proceedings.

24 First, such evidence, if indeed it exists at all, was not presented to the state courts as part of
25 the state court adjudication of Petitioner's issues and therefore is beyond the purview of this Court in
26 these proceedings. Since, as discussed above, this Court's role is limited to determining whether the
27 state court adjudication was "contrary to" or an "unreasonable application" of clearly established
28 federal law, and since this Court is, pursuant to Pinholster, further limited to reviewing only the

record that was before the state courts, the Court sees no basis whatever to permit what is essentially an unlimited "fishing expedition" by Petitioner in order to find new evidence, never before presented to the state courts, in order to support the claims raised in his petition. The normal procedure for petitioners in federal habeas courts is *first* to be in possession of facts that support the petitioner's habeas claims, and *then* to present those claims to this Court, not the other way around.

Second, Petitioner's claim of discrimination and retaliation by Respondent's employees in "singling out" Petitioner for referral to a state prosecutor, were previously presented to the state courts by petitions for writ of habeas corpus. Petitioner should have availed himself of California's liberal discovery laws, to the extent that they would have applied to a petitioner on collateral review in state court, at the time those proceedings were pending. Had he done so, he may have been successful in developing the factual record before the state court, which then would have permitted this Court to review those findings in these proceedings. Having failed to pursue that course, Petitioner cannot now seek discovery of new facts not previously presented to the state courts. Moreover, this Court is not bound by the California Supreme Court's ruling in Pitchess, nor by California's evidence or discovery rules, but instead by the narrow discovery "window" described above for federal habeas proceedings. Petitioner's motions fail to fit within that narrow window.

## **ORDER**

Accordingly, the Court HEREBY ORDERS as follows:

1. Petitioner's motion for discovery (Doc. 3) and Pitchess motion (Doc. 4), are DENIED.

IT IS SO ORDERED.

Dated:   **May 18, 2011**                                          **/s/ Jennifer L. Thurston**
                                                               UNITED STATES MAGISTRATE JUDGE