1

2

3

4

5

6

7

8    UNITED STATES DISTRICT COURT

9    EASTERN DISTRICT OF CALIFORNIA

10

11   DIMARK SOK,                          )   1:11-cv-00284-JLT HC
                                          )
12            Petitioner,                 )   ORDER GRANTING RESPONDENT'S
                                          )   MOTION TO DISMISS THE PETITION
13       v.                               )   FOR VIOLATION OF THE ONE-YEAR
                                          )   STATUTE OF LIMITATIONS (Doc. 1)
14                                        )
     SUBSTANCE ABUSE TRAINING             )   ORDER DIRECTING CLERK OF THE
15   FACILITY,                            )   COURT TO ENTER JUDGMENT AND
                                          )   CLOSE THE CASE
16            Respondent.                 )
     _____)   ORDER DECLINING TO ISSUE A
17                                            CERTIFICATE OF APPEALABILITY

18

19                      **PROCEDURAL HISTORY**

20        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

21   pursuant to 28 U.S.C. § 2254.   The instant federal petition for writ of habeas corpus was filed on

22   January 21, 2011.[1]  Petitioner raises three grounds for relief: (1) ineffective assistance of counsel in

23

24        [1]In Houston v. Lack, the United States Supreme Court held that a pro se habeas petitioner's notice of appeal is
     deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court
25   clerk.  Houston v. Lack, 487 U.S. 166, 276, 108 S.Ct. 2379, 2385 (1988).  The rule is premised on the pro se prisoner's
     mailing of legal documents through the conduit of "prison authorities whom he cannot control and whose interests might be
26   adverse to his."  Miller v. Sumner, 921 F.2d 202, 203 (9th Cir. 1990); see, Houston, 487 U.S. at 271, 108 S.Ct. at 2382.  The
     Ninth Circuit has applied the "mailbox rule" to state and federal petitions in order to calculate the tolling provisions of the
27   AEDPA.  Saffold v. Neland, 250 F.3d 1262, 1268-1269 (9th Cir. 2000), amended May 23, 2001, vacated and remanded on
     other grounds sub nom. Carey v. Saffold, 536 U.S. 214, 226 (2002); Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th cir.
28   2003); Smith v. Ratelle, 323 F.3d 813, 816 n. 2 (9th Cir. 2003). The date the petition is signed may be considered the earliest
     possible date an inmate could submit his petition to prison authorities for filing under the mailbox rule.  Jenkins v. Johnson,

1

1   his state conviction; (2) failure of the California Department of Corrections and Rehabilitations

2   ("CDCR") to follow their own rules and regulations regarding referral of prison disciplinary

3   proceedings for state prosecution; and (3) violation of his due process and equal protection rights

4   during his state trial.  (Doc. 1).

5        On April 18, 2011, the Court ordered Respondent to file a response.  (Doc. 8).  On June 17,

6   2011, Respondent filed the instant motion to dismiss, contending that the three claims in the instant

7   petition were untimely and unexhausted, and also that Ground Two did not invoke the Court's

8   habeas jurisdiction.  (Doc. 13).  On July 5, 2011, Petitioner filed his opposition.  (Doc. 15).  On

9   August 12, 2011, Respondent filed a Reply.  (Doc. 18).

10       On March 10, 2011, Petitioner filed his written consent to the jurisdiction of the United

11  States Magistrate Judge for all purposes.  (Doc. 7).  On May 17, 2011, Respondent filed a written

12  consent to the jurisdiction of the United States Magistrate Judge for all purposes.  (Doc. 11).

13                              **DISCUSSION**

14       A.  Procedural Grounds for Motion to Dismiss

15       As mentioned, Respondent has filed a Motion to Dismiss the petition as being filed outside

16  the one year limitations period prescribed by Title 28 U.S.C. § 2244(d)(1).  Rule 4 of the Rules

17  Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from

18  the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the

19  district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

20       The Ninth Circuit has allowed Respondent's to file a Motion to Dismiss in lieu of an Answer

21  if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the

22  state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule

23  4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874

24  F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for

25  state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same).

26  _____

27  330 F.3d 1146, 1149 n. 2 (9th Cir. 2003).  Accordingly, for all of Petitioner's state petitions and for the instant federal petition,
    the Court will consider the date of signing of the petition (or the date of signing of the proof of service if no signature appears

28  on the petition) as the earliest possible filing date and the operative date of filing under the mailbox rule for calculating the
    running of the statute of limitation.  Petitioner signed the instant petition on January 21, 2011.  (Doc. 1, p. 20).

1   Thus, a Respondent can file a Motion to Dismiss after the court orders a response, and the Court

2   should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

3          In this case, Respondent's Motion to Dismiss is based, inter alia, on a violation of 28 U.S.C.

4   2244(d)(1)'s one-year limitation period and a failure to exhaust state remedies.  Because

5   Respondent's Motion to Dismiss is similar in procedural standing to a Motion to Dismiss for failure

6   to exhaust state remedies or for state procedural default and because Respondent has not yet filed a

7   formal Answer, the Court will review Respondent's Motion to Dismiss pursuant to its authority

8   under Rule 4.

9          B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

10         On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of

11  1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas

12  corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063

13  (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), cert. denied, 118 S.Ct. 586

14  (1997).  The instant petition was filed on January 21,  2011, and thus, it is subject to the provisions

15  of the AEDPA.

16         The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal

17  petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d)

18  reads:

19             (1)  A 1-year period of limitation shall apply to an application for a writ of habeas
20         corpus by a person in custody pursuant to the judgment of a State court.  The
           limitation period shall run from the latest of –

21             (A) the date on which the judgment became final by the conclusion of direct
22         review or the expiration of the time for seeking such review;

               (B) the date on which the impediment to filing an application created by
23         State action in violation of the Constitution or laws of the United States is removed, if
           the applicant was prevented from filing by such State action;

24             (C) the date on which the constitutional right asserted was initially recognized by
25         the Supreme Court, if the right has been newly recognized by the Supreme Court and made
           retroactively applicable to cases on collateral review; or

26             (D) the date on which the factual predicate of the claim or claims presented
27         could have been discovered through the exercise of due diligence.

28             (2) The time during which a properly filed application for State post-conviction or
           other collateral review with respect to the pertinent judgment or claim is pending shall

1   not be counted toward any period of limitation under this subsection.

2   28 U.S.C. § 2244(d).

3       1.  Time Period For Grounds One and Three.

4       Grounds One and Three challenge Petitioner's state court conviction, while Ground Two

5   challenges the California Department of Corrections and Rehabilitation's decision to refer

6   Petitioner's prison disciplinary violation for state criminal prosecution.  Since Respondent is correct

7   that, under the AEDPA, the one-year time period commences on a different date depending on

8   whether a petitioner is challenging his conviction or a prison administrative decision, the Court will

9   analyze the running of the AEDPA one-year period separately for Ground Two as distinct from

10  Grounds One and Three.

11      In most cases, the limitation period begins on the date that the petitioner's direct review

12  became final.  Here, judgment was rendered on August 7, 2008, when Petitioner pleaded nolo

13  contendere in the Kings County Superior Court to assault on an inmate with a deadly weapon,

14  resulting in a determinate sentence of twelve years.  (Lodged Document ("LD") 1).  Petitioner did

15  not file an appeal.  California state law governs the period within which prisoners have to file an

16  appeal and, in turn, that law governs the date of finality of convictions.  See, e.g., Mendoza v. Carey,

17  449 F.3d 1065, 1067 (9th Cir. 2006); Lewis v. Mitchell, 173 F.Supp.2d 1057, 1060 (C.D. Cal.

18  2001)(California conviction becomes final 60 days after the superior court proceedings have

19  concluded, citing prior Rule of Court, Rule 31(d)).  Pursuant to California Rules of Court, Rule

20  8.308(a), a criminal defendant convicted of a felony must file his notice of appeal within sixty days

21  of the rendition of judgment.  See People v. Mendez, 19 Cal.4th 1084, 1086, 969 P.2d 146, 147

22  (1999)(citing prior Rule of Court, Rule 31(d)).  Because Petitioner did not file a notice of appeal, his

23  direct review concluded on October 6, 2008, when the sixty-day period for filing a notice of appeal

24  expired.  The one-year period under the AEDPA would have commenced the following day, on

25  October 7, 2008, and Petitioner would have  had one year from that date, or until October 6, 2009,

26  within which to file his federal petition for writ of habeas corpus as to Grounds One and Three,

27  which challenge Petitioner's state conviction.  See Patterson v. Stewart, 251 F.3d 1243, 1245 (9th

28  Cir.2001).

1               2.  <u>Time Limit For Ground Two</u>.

2       In a situation where the petitioner is challenging a prison administrative or disciplinary

3 action, the Ninth Circuit has held that direct review is concluded and the statute of limitations

4 commences when the final administrative appeal is denied.  <u>Redd v. McGrath</u>, 343 F.3d 1077, 1079

5 (9th Cir. 2003)(holding that the Board of Prison Term's denial of an inmate's administrative appeal

6 was the "factual predicate" of the inmate's claim that triggered the commencement of the limitations

7 period); <u>Shelby v. Bartlett</u>, 391 F.3d 1061, 1066 (9th cir. 2004)(holding that the statute of limitation

8 does not begin to run until a petitioner's administrative appeal has been denied).

9       Here, Petitioner's administrative appeal of Ground Two was denied at the final level of

10 administrative review on October 23, 2008; however, Petitioner contends that he did not receive

11 notice of this denial until December 5, 2008.  (Doc. 1, p. 30).  Accordingly, giving Petitioner the

12 benefit of all doubt, the Court will consider that the one-year period for Ground Two commenced on

13 the day after he was notified, i.e., on December 6, 2008, and that it expired one year later, i.e., on

14 December 5, 2009.

15       As mentioned, the instant petition was filed on January 21, 2011, approximately fifteen

16 months after the date the one-year period would have expired as to Grounds One and Three, and

17 approximately thirteen months after the limitation period would have expired for Ground Two.

18 Thus, unless Petitioner is entitled to either statutory or equitable tolling, the three claims in the

19 instant petition are untimely.

20       <u>C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)</u>

21       Under the AEDPA, the statute of limitations is tolled during the time that a  properly filed

22 application for state post-conviction or other collateral review is pending in state court.  28 U.S.C.

23 § 2244(d)(2).  A properly filed application is one that complies with the applicable laws and rules

24 governing filings, including the form of the application and time limitations.  <u>Artuz v. Bennett</u>, 531

25 U.S. 4, 8, 121 S. Ct. 361 (2000).  An application is pending during the time that 'a California

26 petitioner completes a full round of [state] collateral review," so long as there is no unreasonable

27 delay in the intervals between a lower court decision and the filing of a petition in a higher court.

28 <u>Delhomme v. Ramirez</u>, 340 F. 3d 817, 819 (9th Cir. 2003), <u>abrogated on other grounds as recognized</u>

by <u>Waldrip v. Hall</u>, 548 F. 3d 729 (9th Cir. 2008)(per curium)(internal quotation marks and citations omitted); <u>see</u> <u>Evans v. Chavis</u>,  546 U.S. 189, 193-194, 126 S. Ct. 846 (2006); <u>see</u> <u>Carey v. Saffold</u>, 536 U.S. 214, 220, 222-226, 122 S. Ct. 2134 (2002); <u>see</u> <u>also</u>, <u>Nino v. Galaza</u>, 183 F.3d 1003, 1006 (9th Cir. 1999).

Nevertheless, there are circumstances and periods of time when no statutory tolling is allowed.  For example, no statutory tolling is allowed for the period of time between finality of an appeal and the filing of an application for post-conviction or other collateral review in state court, because no state court application is "pending" during that time.  <u>Nino</u>, 183 F.3d at 1006-1007; <u>Raspberry v. Garcia</u>, 448 F.3d 1150, 1153 n. 1 (9th Cir. 2006).  Similarly, no statutory tolling is allowed for the period between finality of an appeal and the filing of a federal petition.  <u>Id.</u> at 1007. In addition, the limitation period is not tolled during the time that a federal habeas petition is pending.  <u>Duncan v. Walker</u>, 563 U.S. 167, 181-182, 121 S.Ct. 2120 (2001); <u>see</u> <u>also</u>, <u>Fail v. Hubbard</u>, 315 F. 3d 1059, 1060 (9th Cir. 2001)(as amended on December 16, 2002).  Further, a petitioner is not entitled to statutory tolling where the limitation period has already run prior to filing a state habeas petition.  <u>Ferguson v. Palmateer</u>, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); <u>Jiminez v. White</u>, 276 F. 3d 478, 482 (9th Cir. 2001).  Finally, a petitioner is not entitled to continuous tolling when the petitioner's later petition raises unrelated claims.  <u>See</u> <u>Gaston v. Palmer</u>, 447 F.3d 1165, 1166 (9th Cir. 2006).

Here, the documents lodged by Respondent with the motion to dismiss establish that Petitioner filed the following state habeas petitions: (1) petition filed in the Superior Court of Kings County on June 21, 2009, and denied on September 18, 2009 (LD 2; 3);[2]  (2) petition filed in the California Court of Appeal, Fifth Appellate District ("5th DCA") on March 1, 2010, and denied on August 5, 2010 (LD 4; 5); and (3) petition filed in the California Supreme Court on August 10, 2010 and denied on September 22, 2010 (LD 6; 7).

1.    <u>Grounds One and Three.</u>

---

[2]In computing the running of the statute of limitations, the day an order or judgment becomes final is excluded and time begins to run on the day after the judgment becomes final.  <u>See</u> <u>Patterson v. Stewart</u>, 251 F.3d 1243, 1247 (9th Cir. 2001) (Citing Rule 6 of the Federal Rules of Civil Procedure).

As mentioned, the one-year period for Grounds One and Three commenced on October 7, 2008 and would have expired, absent tolling, on October 6, 2009.  Also as mentioned, Petitioner filed his first state habeas claim on June 21, 2009, 256 days after the one-year period had commenced, thus leaving only 109 days remaining on his one-year period.  After his first state habeas petition was denied on September 18, 2009, Petitioner waited until March 1, 2010, or 163 days, to file his next state habeas in the 5th DCA.  Respondent argues that Petitioner is not entitled to statutory tolling during this 163-day period because of the extreme delay between the denial of Petitioner's first state action and the commencement of his second petition.  The Court agrees.

In reviewing habeas petitions originating from California, the Ninth Circuit formerly employed a rule that where the California courts did not explicitly dismiss for lack of timeliness, the petition was presumed timely and was deemed "pending."  In Evans v. Chavis, 549 U.S.189 (2006), the Supreme Court rejected this approach, requiring instead that the lower federal courts determine whether a state habeas petition was filed within a reasonable period of time.  549 U.S. at 198 ("That is to say, without using a merits determination as an 'absolute bellwether' (as to timeliness), the federal court must decide whether the filing of the request for state court appellate review (in state collateral review proceedings) was made within what California would consider a 'reasonable time.'").  However, "'[w]hen a post-conviction petition is untimely under state law, that [is] the end of the matter for purposes of § 2244(d)(2).'" Bonner v. Carey, 425 F.3d 1145, 1148 (9th Cir. 2005)(quoting Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005)).  See also Carey v. Saffold, 536 U.S. at 226.

Therefore, under the analysis mandated by the Supreme Court's decisions in Pace and Evans, this Court must first determine whether the state court denied Petitioner's habeas application(s) as untimely.  If so, that is the end of the matter for purposes of statutory tolling because the petition was then never properly filed and Petitioner would not be entitled to any period of tolling under § 2242(d)(2), either for the pendency of the petition itself or for the interval between that petition and the denial of the previous petition.  Bonner, 425 F.3d at 1148-1149.

However, if the state court did not expressly deny the habeas petition(s) as untimely, this Court is charged with the duty of independently determining whether Petitioner's request for state

1  court collateral review were filed within what California would consider a "reasonable time." Evans,

2  546 U.S. at 198. If so, then the state petition was properly filed and Petitioner is entitled to interval

3  tolling.[3]

4       In Evans, the Supreme Court found that a six-month delay was unreasonable. Id. The

5  Supreme Court, recognizing that California did not have strict time deadlines for the filing of a

6  habeas petition at the next appellate level, nevertheless indicated that most states provide for a

7  shorter period of 30 to 60 days within which to timely file a petition at the next appellate level.

8  Evans, 546 U.S. at 201. After Evans, however, it was left to the federal district courts in California

9  to carry out the Supreme Court's mandate of determining, in appropriate cases, whether the

10  petitioners' delays in filing state petitions were reasonable. Understandably, given the uncertain

11  scope of California's "reasonable time" standard, the cases have not been entirely consistent.

12  However, a consensus appears to be emerging in California that any delay of sixty days or less is per

13  se reasonable, but that any delay "substantially" longer than sixty days is not reasonable. Compare

14  Culver v. Director of Corrections, 450 F.Supp.2d 1135, 1140-1141 (C.D. Cal. 2006)(delays of 97

15  and 71 days unreasonable); Forrister v. Woodford, 2007 WL 809991, *2-3 (E.D. Cal. 2007)(88 day

16  delay unreasonable); Hunt v. Felker, 2008 WL 364995 (E.D. Cal. 2008)(70 day delay unreasonable);

17  Swain v. Small, 2009 WL 111573 (C.D.Cal. Jan. 12, 2009)(89 day delay unreasonable); Livermore

18  v. Watson, 556 F.Supp. 2d 1112, 1117 (E.D.Cal. 2008)(78 day delay unreasonable; Bridges v.

19  Runnels, 2007 WL 2695177 *2 (E.D.Cal. Sept. 11, 2007)(76 day delay unreasonable), with Reddick

20  v. Felker, 2008 WL 4754812 *3 (E.D.Cal. Oct. 29, 2008)(64 day delay not "substantially" greater

21  than sixty days); Payne v. Davis, 2008 WL 941969 *4 (N.D.Cal. Mar. 31, 2008 (63-day delay "well

22  within the 'reasonable' delay of thirty to sixty days in Evans"). Moreover, even when the delay

23  "significantly" exceeds sixty days, some courts have found the delay reasonable when the subsequent

24  petition is substantially rewritten. E.g., Osumi v. Giurbino, 445 F.Supp 2d 1152, 1158-1159

25  (C.D.Cal. 2006)(3 month delay not unreasonable given lengthy appellate briefs and petitioner's

26  substantial re-writing of habeas petition following denial by superior court); Stowers v. Evans, 2006

27

28  [3]Neither the Ninth Circuit nor the United States Supreme Court has addressed whether a delay in filing may deprive a petitioner of statutory tolling for the pendency of an otherwise properly filed state petition itself when the state court does not expressly indicate that the petition was untimely. Presently, Evans only affects entitlement to interval tolling.

8

1   WL 829140 (E.D.Cal. 2006)(87-day delay not unreasonable because second petition was

2   substantially re-written); Warburton v. Walker, 548 F.Supp.2d 835, 840 (C.D. Cal. 2008)(69-day

3   delay reasonable because petitioner amended petition before filing in Court of Appeal).

4        Here, the delay between the denial of the first petition and the filing of the second petition on

5   was 163 days, or over five months, a period well outside the range of what district courts, the Ninth

6   Circuit, and the United States Supreme Court have considered reasonable for California inmates.

7   Evans, 546 U.S. at 198.  Thus, Petitioner is not entitled to interval tolling during that 163-day

8   interval.  Because Petitioner only had 109 days remaining on his one-year period when the first state

9   action tolled the running of the AEDPA limitations period, the one-year period expired during that

10  interval, i.e., on January 5, 2010, almost two months before he filed his second habeas petition in the

11  5th DCA, and over a year before he filed the instant federal petition.

12       The subsequent filing of Petitioner's second and third state petitions did not afford Petitioner

13  any additional statutory tolling.  A petitioner is not entitled to statutory tolling where the limitations

14  period has *already run* prior to filing a state habeas petition.  Green v. White, 223 F.3d 1001, 1003

15  (9th Cir. 2000); Jiminez v. Rice, 276 F.3d 478 (9th Cir. 2001);  see Webster v. Moore, 199 F.3d 1256,

16  1259 (11th Cir. 2000)(same); Ferguson v. Palmateer, 321 F.3d 820 (9th Cir. 2003)("section 2244(d)

17  does not permit the reinitiation of the limitations period that has ended before the state petition was

18  filed."); Jackson v. Dormire, 180 F.3d 919, 920 (8th Cir. 1999) (petitioner fails to exhaust claims

19  raised in state habeas corpus filed after expiration of the one-year limitations period).

20                    2. Ground Two.

21       As mentioned, the one-year period for Ground Two commenced on December 6, 2008 and

22  expired on December 5, 2009.  When Petitioner filed his first state petition on June 21, 2009, 197

23  days had expired of his 365-day period.  When that first petition was denied on September 18, 2009,

24  the period commenced once again because, as discussed previously, Petitioner's delay deprived him

25  of any interval tolling between the first and second petitions.  Accordingly, another 163 days expired

26  prior to the filing of the second petition in the 5th DCA.  Thus, when the second petition was filed

27  and tolled the one-year period, 360 days had elapsed.

28       Respondent does not contend that there was a delay between the second and third petitions;

1  thus, Petitioner is entitled to statutory tolling until the third petition was denied on September 22,

2  2010.  At that point, the one-year period began once more, and expired five days later, i.e., on

3  September 27, 2010, over three months before the instant petition was filed.

4       Accordingly, unless Petitioner is entitled to equitable tolling, all three claims are untimely

5  and must be dismissed.

6       D.  Equitable Tolling

7       The running of the one-year limitation period under 28 U.S.C. § 2244(d) is subject to

8  equitable tolling in appropriate cases.  See Holland v. Florida, __U.S.__, 130 S.Ct. 2549, 2561

9  (2010); Calderon v. United States Dist. Ct., 128 F.3d 1283, 1289 (9th Cir. 1997).  The limitation

10 period is subject to equitable tolling when "extraordinary circumstances beyond a prisoner's control

11 make it impossible to file the petition on time."  Shannon v. Newland, 410 F. 3d 1083, 1089-1090

12 (9th Cir. 2005)(internal quotation marks and citations omitted).  "When  external forces, rather than a

13 petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the

14 statute of limitations may be appropriate."  Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).

15 "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: "(1)

16 that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in

17 his way."   Holland, 2010 WL 2346549 at *12; Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct.

18 1807 (2005). "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest

19 the exceptions swallow the rule."  Miranda v. Castro, 292 F. 3d 1062, 1066 (9th Cir. 2002)(citation

20 omitted).  As a consequence, "equitable tolling is unavailable in most cases."  Miles, 187 F. 3d at

21 1107.

22      Here, Petitioner has made no express claim of entitlement to equitable tolling; however,

23 based on the arguments in his opposition to the motion to dismiss, the Court infers that Petitioner is

24 raising several implicit claims of equitable tolling.

25      First, Petitioner contends that his access to the prison law library was limited and that his

26 prison facility was subject to frequent lock-downs that further impinged on his ability to access the

27 law library.  (Doc. 15, pp. 5-6).  These contentions fail to show an entitlement to equitable tolling.

28 A petitioner's ignorance of the law is not grounds for equitable tolling.  Raspberry v. Garcia, 448

F.3d 1150, 1154 (9th Cir. 2006).  Moreover, Petitioner's claims of ignorance of the law and illiteracy are insufficient to justify equitable tolling.  See, e.g., Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir.1986) (pro se prisoner's illiteracy and lack of knowledge of law unfortunate but insufficient to establish cause);  Fisher v. Johnson, 174 F.3d 710 (5th Cir. 1999); Rose v. Dole, 945 F.2d 1331, 1335 (6th Cir.1991); see United States v. Van Poyck, 980 F.Supp. 1108, 1111 (C.D.Cal.1997) (inability to secure copies of transcripts from court reporters and lockdowns at prison lasting several days and allegedly eliminating access to law library were not extraordinary circumstances and did not equitably toll one-year statute of limitations); Atkins v. Harris, 1999 WL 13719, *2 (N.D.Cal. Jan.7, 1999) ("lockdowns, restricted library access and transfers do not constitute extraordinary circumstances sufficient to equitably toll the [AEDPA] statute of limitations. Prisoners' familiar with the routine restrictions of prison life must take such matters into account when calculating when to file a federal [habeas] petition.... Petitioner's alleged lack of legal sophistication also does not excuse the delay."); Giraldes v. Ramirez-Palmer, 1998 WL 775085, *2 (N. D.Cal.1998) (holding that prison lockdowns do not constitute extraordinary circumstances warranting equitable tolling).   Such circumstances are not extraordinary and do not justify equitable tolling.  If limited legal resources and legal knowledge were an excuse for not complying with the limitations period Congress would have never enacted the AEDPA since most incarcerated prisoners have these same problems.  Thus, the limitations period will not be equitably tolled on these grounds.

Petitioner also contends that he was not able to engage the services of an attorney during the appellate process, presumably referring to his administrative appeal.  (Doc. 15, p. 5).  Petitioner submits a complaint he gave to prison officials complaining about this matter.  (Doc. 15, Ex. I).

Such self-serving evidence does not rise to the level of an extraordinary circumstance beyond the petitioner's control.  Indeed, the Court notes that virtually all of the state petitioners filing federal petitions in this Court are pro se and cannot afford the services of an attorney.  However, most of those petitioners, unlike Petitioner, were nevertheless able to file their petitions within the appropriate one-year period, were able to fully exhaust their claims, and were able to state cognizable federal constitutional claims.  Petitioner does not contend that he was unlawfully denied access to an

1 attorney or even that he was entitled to appointment of an attorney during his administrative appeal.

2 Accordingly, this fails as a ground for equitable tolling.

3      Moreover, Petitioner has failed to establish that he acted with diligence. As equitable tolling

4 applies only where prisoner has diligently pursued claims, but has in some "extraordinary way" been

5 prevented from asserting his rights. Thus, the Court must consider Petitioner's diligence in pursuing

6 his claims. Petitioner has made generic complaints about the limited resources to which inmates

7 have access in prison, a fact well-documented about California's prison system. Thus, by definition,

8 such claims are not "extraordinary;" indeed, given the widespread public recognition of such

9 institutional limitations, it behooves each inmate to be especially diligent in gaining access to legal

10 resources early in the one-year period, in order to timely file a federal petition. Clearly, this was not

11 something that Petitioner attempted. A petitioner who fails to act diligently cannot invoke equitable

12 principles to excuse his lack of diligence. See, Baldwin County Welcome Center v. Brown, 466 U.S.

13 147, 151 (1984); see, also, Miles, 187 F.3d at 1107.

14      The burden of demonstrating that the AEDPA's one-year limitation period was sufficiently

15 tolled, whether statutorily or equitable, rests with the petitioner. See, e.g., Pace v. DiGuglielmo, 544

16 U.S. 408, 418 (2005); Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2005); Smith v. Duncan, 297

17 F.3d 809, 814 (9th Cir. 2002); Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002). For the

18 reasons discussed above, the Court finds and concludes that Petitioner has not met his burden with

19 respect to the tolling issue. Accordingly, the petition is late and should therefore be dismissed.

20      E. Failure To Exhaust State Remedies.

21      A petitioner who is in state custody and wishes to collaterally challenge his conviction by a

22 petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The

23 exhaustion doctrine is based on comity to the state court and gives the state court the initial

24 opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501

25 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158,

26 1163 (9th Cir. 1988).

27      A petitioner can satisfy the exhaustion requirement by providing the highest state court with a

28 full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v.

12

1  <u>Henry</u>, 513 U.S. 364, 365 (1995); <u>Picard v. Connor</u>, 404 U.S. 270, 276 (1971); <u>Johnson v. Zenon</u>, 88

2  F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full

3  and fair opportunity to hear a claim if the petitioner has presented the highest state court with the

4  claim's factual and legal basis. <u>Duncan</u>, 513 U.S. at 365 (legal basis); <u>Kenney v. Tamayo-Reyes</u>, 504

5  U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

6        Additionally, the petitioner must have specifically told the state court that he was raising a

7  federal constitutional claim. <u>Duncan</u>, 513 U.S. at 365-66; <u>Lyons v. Crawford</u>, 232 F.3d 666, 669

8  (9th Cir. 2000), *amended*, 247 F.3d 904 (2001); <u>Hiivala v. Wood</u>, 195 F.3d 1098, 1106 (9th Cir.

9  1999); <u>Keating v. Hood</u>, 133 F.3d 1240, 1241 (9th Cir. 1998). In <u>Duncan</u>, the United States

10  Supreme Court reiterated the rule as follows:

11        In <u>Picard v. Connor</u>, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state
         remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order
12        to give the State the "opportunity to pass upon and correct alleged violations of the prisoners'
         federal rights" (some internal quotation marks omitted). If state courts are to be given the
13        opportunity to correct alleged violations of prisoners' federal rights, they must surely be
         alerted to the fact that the prisoners are asserting claims under the United States Constitution.
14        If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied
         him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not
15        only in federal court, but in state court.

16  <u>Duncan</u>, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

17        Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal
         claims in state court *unless he specifically indicated to that court that those claims were*
18        *based on federal law*. See <u>Shumway v. Payne</u>, 223 F.3d 982, 987-88 (9th Cir. 2000). Since
         the Supreme Court's decision in <u>Duncan</u>, this court has held that the *petitioner must make the*
19        *federal basis of the claim explicit either by citing federal law or the decisions of federal*
         *courts, even if the federal basis is "self-evident*," <u>Gatlin v. Madding</u>, 189 F.3d 882, 889 (9th
20        Cir. 1999) (<u>citing</u> <u>Anderson v. Harless</u>, 459 U.S. 4, 7 . . . (1982), or the underlying claim
         would be decided under state law on the same considerations that would control resolution of
21        the claim on federal grounds. <u>Hiivala v. Wood</u>, 195 F.3d 1098, 1106-07 (9th Cir. 1999);
         <u>Johnson v. Zenon</u>, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .

22
23        In <u>Johnson</u>, we explained that the petitioner must alert the state court to the fact that the
         relevant claim is a federal one without regard to how similar the state and federal standards
         for reviewing the claim may be or how obvious the violation of federal law is.
24
    <u>Lyons v. Crawford</u>, 232 F.3d 666, 668-669 (9th Cir 2000) (italics added).
25
         Here, Respondent has lodged documents with the Court that establish that Petitioner's only
26
    filing in the California Supreme Court failed to raise any of the claims raised in the instant petition.
27
    (LD 6). Indeed, the state high court petition challenges none of the claims in the instant petition, but
28
    rather argues that the manner in which the second state habeas was denied by the 5th DCA was

1    improper.  (<u>Id</u>.).  Although Petitioner may have intended, by so challenging the 5th DCA's decision,

2    to present his substantive claims to the California Supreme Court, his one filing in the high court did

3    not "fairly present" the three claims raised in the instant petition.

4        From the foregoing, the Court concludes that Petitioner has not presented any of his three

5    claims to the California Supreme Court as required by the exhaustion doctrine.  Because Petitioner

6    has not presented his claims for federal relief to the California Supreme Court, the Court must

7    dismiss the petition.  <u>See</u> <u>Calderon v. United States Dist. Court</u>, 107 F.3d 756, 760 (9th Cir. 1997)

8    (en banc); <u>Greenawalt v. Stewart</u>, 105 F.3d 1268, 1273 (9th Cir. 1997).  The Court cannot consider a

9    petition that is entirely unexhausted.  <u>Rose v. Lundy</u>, 455 U.S. 509, 521-22 (1982); <u>Calderon</u>, 107

10    F.3d at 760.  Therefore, Respondent's motion to dismiss should be granted and the petition should be

11    dismissed for lack of exhaustion.

12        F.   <u>Failure To Raise A Cognizable Claim In Ground Two.</u>

13        Finally, Respondent contends that Ground Two must be dismissed for failure to state a

14    cognizable federal claim.  Again, the Court agrees.

15        The basic scope of habeas corpus is prescribed by statute. Subsection (c) of Section 2241 of

16    Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless

17    he is "in custody in violation of the Constitution." 28 U.S.C. § 2254(a) states that the federal courts

18    shall entertain a petition for writ of habeas corpus only on the ground that the petitioner "is in

19    custody in violation of the Constitution or laws or treaties of the United States. <u>See also</u>, Rule 1 to

20    the Rules Governing Section 2254 Cases in the United States District Court. The Supreme Court has

21    held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that

22    custody . . ." <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 484 (1973). Furthermore, in order to succeed in a

23    petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim

24    in state court resulted in a decision that was contrary to, or involved an unreasonable application of,

25    clearly established Federal law, as determined by the Supreme Court of the United States; or resulted

26    in a decision that was based on an unreasonable determination of the facts in light of the evidence

27    presented in the State court proceeding. 28 U.S.C. § 2254(d)(1), (2).

28        In Ground Two, Petitioner contends that Respondent violated its own rules and regulations in

referring his disciplinary matter for prosecution by the State of California.  From even a cursory

reading of Ground Two, it is clear that Petitioner does not allege a violation of the Constitution or

federal law, nor does he argue that he is in custody in violation of the Constitution or federal law.

Petitioner does not allege that the adjudication of his claims in state court "resulted in a decision that

was contrary to, or involved an unreasonable application of, clearly established Federal law, . . . or

resulted in a decision that was based on an unreasonable determination of the facts . . . ." 28 U.S.C. §

2254.  Ground Two raises only state law claims, and, generally, issues of state law are not cognizable

on federal habeas review.  Estelle v. McGuire, 502 U.S. 62, 67 (1991)("We have stated many times

that 'federal habeas corpus relief does not lie for errors of state law.'"), *quoting* Lewis v. Jeffers, 497

U.S. 764, 780 (1990); Gilmore v. Taylor, 508 U.S. 333, 348-349 (1993)(O'Connor, J.,

concurring)("mere error of state law, one that does not rise to the level of a constitutional violation,

may not be corrected on federal habeas").  Indeed, federal courts are bound by state court rulings on

questions of state law. Oxborrow v. Eikenberry, 877 F.2d 1395, 1399 (9th Cir.), *cert. denied*, 493

U.S. 942 (1989).   Further, "the availability of a claim under state law does not of itself establish that

a claim was available under the United States Constitution." Sawyer v. Smith, 497 U.S. 227, 239

(1990), *quoting,* Dugger v. Adams, 489 U.S. 401, 409 (1989). Tinsley v. Borg, 895 F.2d 520, 530

(9th Cir.1990), *cert. denied*, 498 U.S. 1091 (1991) ("incorrect" evidentiary rulings are not the basis

for federal habeas relief).

Therefore, the Court concludes that Ground Two fails to state a cognizable claim for federal

habeas corpus relief and must therefore be dismissed.  For all of these reasons, the petition should be

dismissed.

Additionally, the Court declines to issue a certificate of appealability.  A state prisoner

seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his

petition, and an appeal is only allowed in certain circumstances.  Miller-El v. Cockrell, 537 U.S. 322,

335-336 (2003).   The controlling statute in determining whether to issue a certificate of appealability

is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge,
> the final order shall be subject to review, on appeal, by the court of appeals for the circuit in
> which the proceeding is held.
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a

warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--

    (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or

    (B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denied a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further'."  Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

In the present case, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Accordingly, the Court DECLINES to issue a certificate of appealability.

## **ORDER**

For the foregoing reasons, the Court HEREBY ORDERS:

1.  Respondent's motion to dismiss (Doc. 13), is GRANTED;

2.  The petition for writ of habeas corpus (Doc. 1), is DISMISSED because Grounds One, Two, and Three are untimely and unexhausted, and, additionally, Ground Two fails to state a claim for which habeas corpus relief can be granted;

3.  The Clerk of the Court is DIRECTED to enter judgment and close the file; and,

///

///

1        4.   The Court DECLINES to issue a certificate of appealability.

2

3   IT IS SO ORDERED.

4   Dated:   **August 16, 2011**                                          **/s/ Jennifer L. Thurston**
                                                              UNITED STATES MAGISTRATE JUDGE
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28